■ In the Matter of the CITY OF BINGHAMTON, Appellant, v BINGHAMTON CIVIL SERVICE FORUM, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered January 8, 1980 in Broome County, which denied petitioner's motion to stay arbitration and granted respondent's motion to compel arbitration. Petitioner and respondent are parties to a collective bargaining agreement pursuant to article 14 of the Civil Service Law. The agreement provides for submission of grievances or disputes which may arise between the parties as to the meaning or interpretation of the agreement. The agreement, among its various clauses, recognizes the respondent as the sole and exclusive representative for grievances of all employees, excluding temporary summer employees, and also provides that no employee shall be discharged without just cause. On June 15, 1979, one Kevin Colgan was hired by petitioner. The instant dispute involves the question of whether he was hired as a temporary summer employee or whether he was reinstated to the position of assistant assessor formerly held by him and from which position he resigned on November 13, 1978. The letter of appointment from Alfred Libous, Mayor of Binghamton, to Mr. Colgan stated in part: "In accordance with § XVIII, Civil Service Rules, City of Binghamton, New York, you are hereby reinstated to the position of Temporary Assistant Assessor * * * Termination Date December 13, 1979." By letter of August 27, 1979, Colgan was notified by the Mayor that his employment would cease on August 31. Respondent filed a demand for arbitration on behalf of Colgan. The grievance stated that Colgan was either hired as a temporary employee or reinstated to permanent civil service status and that he was terminated without just cause. The city argues that the dispute is not arbitrable because it involves the exercise of a discretionary right vested in the city's chief appointing officer, that is, the Mayor of Binghamton and, as such, arbitration cannot order the reinstatement of Colgan. We perceive the issue to be not one of challenge to the Mayor's power of reinstatement of an employee but, rather, to be one of whether the Mayor has in fact ordered Colgan's reinstatement to civil service status and, if so, whether Colgan's subsequent termination was for just cause. Section 18 of the Civil Service Rules of the City of Binghamton, referred to in the Mayor's letter of appointment, provides, among other things, that a permanent employee who has resigned from his position may be reinstated to it without examinaiton within one year from the date of such resignation if the position is then vacant. The Court of Appeals in *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.* (37 NY2d 91), in commenting on the judicial function in challenges to arbitrability, noted that the court performs an initial screening process to determine whether the parties had agreed to submit the matter in dispute to arbitration. Should it then appear that there is a reasonable relationship between the matter in dispute and the general subject matter of the

underlying contract, the court's inquiry is at an end. In the instant dispute, it is clear that the parties had entered into an agreement to arbitrate questions of unjust discharge of employees. The question submitted to arbitration involves a question of whether Colgan was unjustly discharged and is, therefore, related to the general subject matter of the underlying contract. Special Term properly declined to decide whether or not the claim was tenable and properly referred it to arbitration. Order affirmed, with costs. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.